[Civil No. 637.   Filed March 15, 1899.]

[56 Pac. 732.]

WILLIAM D. HALE, as Receiver of the American Savings and Loan Association, Plaintiff and Appellant, v. THOMAS HUGHES et al., Defendants and Appellees.

1. TAXES AND TAXATION—TAX-DEED—NOTICE OF INTENTION TO APPLY FOR—LAWS ARIZ. 1893, ACT No. 84, SEC. 20, CONSTRUED—NEED NOT BE SERVED BY PURCHASER INDIVIDUALLY. — The statute, *supra,* requiring the purchaser of property sold for delinquent taxes to serve upon the owner written notice of his intention to apply for tax-deed, does not require such notice to be served by the purchaser himself; it is sufficient if legal notice be served.

2. SAME—SAME—EVIDENCE—ADMISSIBILITY—LAWS ARIZ. 1893, ACT No. 84, SECS. 21, 22, CITED.—A tax-deed reciting all of the matters prescribed in sections 21 and 22, *supra,* is properly received in evidence, where the record fails to disclose that the recitals were incorrect, or that any effort was made to prove them incorrect.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima.  George R. Davis, Judge.  Affirmed.

Statement of facts:—

Appellant, Hale, as receiver, brought an action in the district court of Pima County against Hughes et al., appellees, to obtain judgment upon a debt against Thomas Hughes, and to foreclose a mortgage which had been executed by said Hughes to secure the debt.  The defendants other than Hughes were made parties only to the foreclosure proceedings.  The defendant Freeman made answer for himself, and claimed title to the real estate covered by the mortgage, by virtue of tax-deeds, free and clear of the mortgage-deed and mortgage-lien.  Judgment was rendered for plaintiff as to the debt against Hughes, but in favor of defendant Freeman for all that portion of the real property included in the mortgage-deed, described as lot 1 in block 214 of the city of Tucson, by virtue of the tax-deed set up by the said Freeman, dated on the twenty-sixth day of August, 1896.  The court found that the deed extinguished the mortgage-lien on said property, and further found that, because of redemption by the plaintiff

of a subsequent tax-sale and adjustment of accounts in regard thereto, Freeman should pay to plaintiff the sum of $143.13, with interest from the first day of July, 1898, at the rate of seven per cent per annum, and that upon the payment of the same by Freeman he should be let into possession of said lot 1, block 214. From that judgment in favor of defendant Freeman, Hale, the receiver, makes appeal to this court, and assigns as error that the court erred in admitting in evidence the tax-deed for lot 1, block 214, for the reason that "the proof of service of notice of intention to apply for a tax-deed does not state facts showing and establishing the service by the purchaser of the property described in the notice, or his assignee, or any notice, and that such notice is insufficient, and for the further reason that the tax-deed for said lots shows that said real estate was assessed to the Thomas Hughes Hardware Company, and was sold for taxes on personal property assessed to the same company."

W. H. Stilwell, for Appellant.

C. W. Wright, for Appellees.

STREET, C. J. (after stating the facts).—1. Section 20 of act No. 84 of the Session Laws of 1893 provides "that the purchaser of the property sold for delinquent taxes, or his assignee, must, thirty (30) days previous to the time for the redemption or thirty (30) days before he applies for a deed, serve upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied, a written notice stating that said property, or a portion thereof, has been sold for delinquent taxes, giving the date of sale, the amount of property sold, the amount for which it was sold, the amount then due, and the time when the right of redemption will expire, or when the purchaser will apply for a deed," etc. The title of the property was in James A. Finley, and had been conveyed to Finley by Thomas Hughes and wife by deed dated July 11, 1893, in trust for the payment of certain promissory notes and indebtedness of Thomas Hughes. The tax-sale was upon the delinquent tax list of Pima County for the year 1894. On July 11, 1896, Freeman caused to be served upon Finley the following notice:—

"Tucson, Arizona, July 11th, 1896. To James A. Finley, Trustee—Sir: You are hereby notified, in compliance with section 20 of act No. 84 of the seventeenth legislative assembly of the territory of Arizona, that all of the following described pieces of property, situate in the city of Tucson, county of Pima, territory of Arizona, to wit, lot one (1), and improvements, in block 214, in Tucson, Arizona, was on the 2nd day of July, 1895, sold for delinquent taxes; that the amount for which it was sold was $416.73; that there is due upon said property the said sum of $416.73, together with thirty per cent on said sum, to wit, $125.01, making a total now due upon said property, and necessary for the redemption of the same, the sum of $541.74; that the undersigned, who is the owner of the certificate of said tax-sale (being the assignee of Herbert Tenney, the purchaser of said property at said tax-sale), will apply on the 15th day of August, 1896, for a tax-deed for said property. Yours, etc., M. P. Freeman."

The proof of service of which is as follows, to wit:—

"Territory of Arizona, county of Pima—ss.: Wiley E. Tussing, being duly sworn, on oath says that on the 11th day of July, 1896, at Tucson, in said Pima County, he did serve a notice in writing upon James A. Finley, trustee, personally, to the effect that M. P. Freeman would apply for a tax-deed for all the following described pieces of property, situate in the city of Tucson, Pima County, Arizona Territory, to wit, lot one (1) and improvements, in block 214, in Tucson, Arizona; a full and true copy of which said notice in writing is hereto annexed, and made a part hereof. Wiley E. Tussing.

"Subscribed and sworn to before me this 11th day of July, 1896. [Notary public seal.] Selim M. Franklin, Notary Public."

By an inspection of the written notice it will be found to contain all of the statutory requisites, but the objection to the notice urged by appellant is that it was not served by Freeman in person; that is, that he himself, individually, did not hand it to the owner. The purpose of the statute is to have the owner or occupant notified; and, while the statute says that the purchaser or his assignee must serve upon the owner the notice, the statute is fully complied with when there is due proof that a legal notice in writing has been

Arizona 6—17

served. To give the strict construction of the statute asked by appellant would be to work in many instances an impractical and almost impossible thing. The purchaser may have a residence abroad; and to require him to come from his home, out of the territory, to personally hand to the owner or occupant a notice would be putting a useless construction upon the statute. It might be that he was infirm, and not able to personally walk about and hunt the owner up and personally hand to him the notice. We cannot give to this statute or the language used in it so cramped a construction.

2. The tax-roll for 1894 shows that lot 1, block 214, the property described in the tax-deed, in the year 1894 was assessed to the Hughes Hardware Company; and it also shows that the assessment of the personal property of the Hughes Hardware Company was charged to that lot. There is no evidence as to whether the Hughes Hardware Company was in possession of that lot, or, if in possession, as to what the character and nature of the possession were, and the record fails to show that the assessment of the personal property of the Hughes Hardware Company to that lot was illegal. The record fails to show any effort to have the matter corrected, if it were erroneous, and fails to show that any process had been sought or obtained to correct the erroneous charge, if error it was. It is assumed by counsel for appellant that it was erroneous, and he asks this court to so find. It stands admitted that the title to the real property was in Finley. Revised Statutes (par. 2631) says: "All personal property in the hands of any trustee, agent, administrator, executor, or receiver, and all personal property mortgaged or pledged shall, for the purposes of taxation, be deemed to be the property of the person who has possession thereof." And, for aught the record discloses, the personal property may have been in the possession of Finley, the owner of the real estate. Paragraph 2640 contains the same provision, and it also provides "that the assessor shall demand from each person and firm a statement of all the real estate and personal property claimed by, or in the possession or control of, such person or firm"; and provides "that if any person, officer, or agent shall neglect or refuse on demand of the assessor, or his deputy, to give under oath or affirmation the statement required by this section, or if the owner of any property not listed by

another person shall be absent or unknown, the assessor shall fill out a list for such person, putting therein all taxable property which he has reason to believe is owned by, or in the possession or control of, said person, officer, or agent liable to taxation.'' Section 21 of act No. 84 of the Laws of 1893 provides ''that the matters recited in the certificate of sale must be recited in the deed, and said deed duly acknowledged and approved is conclusive evidence that (1) the property was assessed as required by law; (2) the property was equalized as required by law; (3) the taxes were levied in accordance with law; (4) at a proper time and place the property was sold as prescribed by law, and by the proper officer; (5) the person who executed the deed was the proper officer.'' Section 22 provides that it is *prima facie* evidence of all other facts therein stated, and of the regularity of all other proceedings, from the assessment by the assessor up to the execution of the deed. The deed executed to Freeman by the tax-collector, and introduced in evidence, and made a part of the record, recites all of the matters prescribed in sections 21 and 22 of act No. 84; and the record fails to show that the recitals are incorrect, or that any effort was made to prove them incorrect. The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.